IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **NEKHENT SUPREME ALI,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ROWAN DISTRICT COURT, et al.,** )<br>)<br>**Defendant(s).** ) | 1:11CV213 |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a Complaint written on what appears to be an altered version of a form intended to be used in filing civil rights actions pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. Among the alterations, Plaintiff has replaced the first page of the form with a handwritten page entitled "Form to be Used by Prisoners in Filing a Complaint Under 61/295. United Nations Declaration on the Rights of Indigenous Peoples in the United States District Court for the Middle District of North Carolina." (Docket Entry 1.) This Court does not have any such form and the listed cause of action is not a recognizable one. An action under § 1983 would be the closest recognizable type of action. Therefore, Plaintiff's submission will be treated as one brought under § 1983. The form of the Complaint is such that serious flaws make it impossible to further process this Complaint. The problems are:

1.  The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. *See* LR 7.1(f). If Plaintiff does not intend to file an action under § 1983, he must provide a valid basis for his suit.

2.  Plaintiff makes a request for relief, but sets out no facts related to that request. He must plead the facts supporting a claim for relief before any relief can be considered. Also, in his request for relief, Plaintiff asks that the Court rule that his child be placed back "in the custody of his parentage." (Docket Entry 1, § VI.) Given that Plaintiff has also sued a state court, a state social services supervisor, and a guardian ad litem in his list of defendants, it appears that Plaintiff is attempting to have this Court intervene in a state child custody matter. If so, this would not ordinarily be proper. Plaintiff would likely need to show that a federal law or his constitutional rights were violated in some manner. Nothing in the Complaint makes such an allegation.

3.  Plaintiff has failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the Court, and one copy for each defendant named.

Consequently, this particular complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 17, 2011